UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| BRENT DILLON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:19-cv-00229-SEB-MPB |
| | ) | |
| J. HASSLER, EPD and | ) | |
| J. BEARD, EPD, | ) | |
| Defendants. | ) | |

**DEFENDANTS' BRIEF IN SUPPORT
OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS**

**INTRODUCTION**

In response to a report of a possibly suicidal subject, Defendants, Officers J. Hassler and J. Beard of the Evansville Police Department ("EPD"), made contact with Plaintiff, Brent Dillon, at his residence. Defendants' efforts to verify Dillon's well-being, and Dillon's resistance to those efforts, resulted in a prolonged standoff that also involved other EPD personnel. After discussion between Dillon, Defendants, and other EPD personnel, Dillon exited his home and was taken into custody. Dillon now brings suit against Defendants, asserting claims for Fourth Amendment violations, as well as state law false arrest, false imprisonment, and malicious prosecution. [Complaint, p. 4]. Dillon fails to plead facts upon which relief can be granted, and Defendants are shielded by qualified immunity and scope of employment immunity provided by the Indiana Tort Claims Act. Therefore, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendants are entitled to judgment in their favor on all claims.

## SUMMARY OF THE ALLEGATIONS[1]

EPD officers were dispatched to Dillon's residence at 1037 Hensz Avenue in Evansville, Indiana in response to a report of a possible suicidal subject[2]. [*Id.* at 2, 6]. Dillon ignored Defendants' first attempt to make contact with him. [*Id.* at 6-7]. When officers made a second attempt to contact Dillon, Dillon refused to come outside. [*Id.* at 7]. When officers asked Dillon if he was suicidal, Dillon replied that he was not and that he was sitting in his living room drinking beer. [*Id.*]. Dillon continued to speak with the officers through his screen door, and the officers repeatedly asked Dillon to come outside. [*Id.*]. Dillon continued to refuse the officers' requests. [*Id.*].

On multiple occasions, Dillon screamed at the officers surrounding his home and asked them to leave his property. [*Id.*]. When officers did not leave, Dillon went back into his living room and continued to drink beer. [*Id.* at 7, 8]. At one point, Dillon observed an officer aiming a bean bag gun. [*Id.* at 8]. Once more, Dillon went to the screen door of his residence and asked the officers to leave him alone, but the officers maintained their position. [*Id.*]. Officers later contacted two negotiators who in turn called Dillon and convinced him to come outside. [*Id.*] Once Dillon exited the residence, he was told to get on his knees and place his hands behind his head. [*Id.*] Dillon was then placed in handcuffs and taken to EPD headquarters for questioning about an unrelated matter. [*Id.* at 8, 9].

## STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to request judgment following the filing of the complaint and answer. *Supreme Laundry Serv., L.L.C. v. Hartford*

---

[1] The allegations recited herein are accepted as true only for purposes of Defendants' Motion for Judgment on the Pleadings.

[2] Dillon's Complaint does not state what date this incident is alleged to have occurred.

*Cas. Ins. Co.*, 521 F.3d 743, 746 (7th Cir. 2008).  "If a defendant raises a Rule 12(b) defense in a Rule 12(c) motion, a Rule 12(b)(6)-type analysis applies."  *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 619 (7th Cir. 2007); *see also Midwest Gas Servs. v. Ind. Gas Co.*, 317 F.3d 703, 709 (7th Cir. 2003), *reh'g denied, cert. denied* 540 U.S. 817 (2003).  Since Defendants here raise a 12(b) defense in a Rule 12(c) motion, Rule 12(b)(6) is the appropriate standard.

Dillon has failed to state a claim upon which relief can be granted. *See* Fed R. Civ. P. 12(b)(6). While a complaint need not contain detailed factual allegations to survive a Rule 12(b)(6) motion, a plaintiff must provide the grounds of his "entitlement to relief." *Bell Atl. Corp v. Twombly,* 550 U.S. 544, 555-56 (2007). Stated another way, a complaint may not merely put forth "an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Alternatively, "a party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims." *Tamyo v. Blagojevich,* 526 F.3d 1074, 1086 (7th Cir. 2008).  Courts must dismiss a complaint when it fails to "provide the defendant with 'fair notice' of the claim and its basis." *Id.* at 1081. Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal,* 556 U.S. at 678-79.

## ARGUMENT

Beard and Hassler are entitled to judgment in their favor for multiple reasons. First, Dillon's complaint fails to meet the requisite pleading standard, because it fails to identify any actions or omissions that were actually taken by the named Defendants. Second, Dillon's allegations do not support a claim for relief under the Fourth Amendment. Third, Beard and Hassler are entitled to qualified immunity, as well as immunity under the Indiana Tort Claims

Act ("ITCA"). Finally, the complaint fails to set forth allegations that could support a claim for state law malicious prosecution.

### *Dillon's Allegations Lack the Requisite Particularity*

Pursuant to the Seventh Circuit's holding in *Tamyo,* Dillon's complaint was required to provide Beard and Hassler with fair notice of the claim and its basis. *See* 526 F.3d at 1081. Simply put, Dillon's complaint fails to do so, thus compelling judgment in Defendants' favor.

Even though Beard and Hassler are mentioned by name twice in Dillon's complaint, at no point does he allege what actions were specifically taken by them. In his "Statement of Facts" section, Dillon only refers to the EPD presence collectively as "officers." [Complaint, p. 6-9]. Accordingly, the complaint does not sufficiently provide Defendants with notice of what actions of theirs were tortious or unconstitutional. Defendants cannot put forth an adequate defense when the complaint fails to allege what conduct is at issue. The only actors that Dillon attributes any specific actions to are two non-party negotiators whom he alleges "called the Plaintiff and caused the Plaintiff to come out." [*Id.* at 8]. Rule 8 prohibits Dillon from casting a wide net of allegations at an uncertain number of EPD officers with the hopes of using the discovery process to determine which facts apply to Defendants. For this reason alone, Dillon's complaint is deficient, and Defendants are entitled to judgment in their favor.

### *Fourth Amendment Violations*

As discussed above, Dillon's allegations lack the requisite particularity to adequately state a claim against Beard and Hassler. However, even assuming that the "officers" repeatedly mentioned in Dillon's complaint are meant to refer to Beard and Hassler, the facts as pled do not support the finding of a Fourth Amendment violation. Even then, Beard and Hassler are entitled

to qualified immunity, because Dillon is incapable of showing that they violated a clearly established right.

### A. Unlawful Seizure

Dillon claims that the Defendants' actions constituted an unreasonable seizure in violation of the Fourth Amendment. However, considering the facts as pled, Defendants seizure of Dillon was beyond reasonable. "Generally speaking, a mental-health seizure is lawful if there is probable cause to believe that the person seized is a danger to herself or others." *Bruce v. Guernsey,* 777 F.3d 872, 876 (7th Cir. 2015). Moreover, "[t]he need to protect or preserve life or avoid serious injury is justification for what would be otherwise illegal absent an exigency or emergency." *Fitzgerald v. Santoro,* 707 F.3d 725, 731 (7th Cir. 2012). This statement is no less true "when the violence is directed at one's self and the tort is of the constitutional variety." *Id.* Police must be able to assist persons in need of assistance, and when they are "acting in a swiftly developing situation…a court must not indulge in unrealistic second-guessing." *Id.* at 732.

In *Fitzgerald,* the Seventh Circuit held that a warrantless entry into a suicidal individual's home, as well as her seizure and involuntary transport to the hospital, were constitutional. After receiving a concerning phone call from the plaintiff to its non-emergency number, a local police department dispatched two officers and two paramedics to her residence. *Id.* at 728. The plaintiff was described to the officers by the dispatcher as "very depressed" and possibly suicidal. *Id.* After entering the plaintiff's residence, officers observed that she was unsteady on her feet and slurring her words, leading them to conclude that she was intoxicated. *Id.* at 728-29. The plaintiff denied that she was suicidal or in need of assistance, but officers determined that she was a danger to herself and in turn used physical force to take her to the hospital. *Id.* at 730.

Here*,* Defendants were informed of a possibly suicidal subject, the subject confirmed in his own words that he had been consuming alcohol, and the subject screamed and resisted officers' attempts to provide assistance. Common sense and *Fitzgerald's* holding both make clear that Defendants were not required to ignore Dillon's likely intoxication and erratic behavior, simply because he denied being suicidal. Moreover, the alleged exercise of authority in this instance was much less invasive than that in *Fitzgerald*. Defendants did not enter Dillon's residence without a warrant, but rather waited outside until he was ready to exit. The Fourth Amendment was not intended to punish Defendants' reasonable and measured efforts to protect or preserve life or avoid serious injury. Accordingly, Dillon has failed to state a Fourth Amendment claim for which relief can be granted.

### B. Qualified Immunity

Even if this Court should determine that Dillon pled a sufficient basis for a Fourth Amendment violation, Defendants are entitled to qualified immunity. The Supreme Court has held that "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law. *Messerschmidt v. Millender*, 132 S. Ct. 1235 (2012). In addition, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." *Graham v. Connor,* 490 U.S. 386, 396-397 (1989).

The Supreme Court has identified two key inquiries for qualified immunity assertions: (1) whether the facts, taken in the light most favorable to the plaintiffs, show that the defendants violated a constitutional right; and (2) whether that constitutional right was clearly established at the time of the alleged violation. *Pearson v. Callahan*, 555 U.S. 223, 224 (2009); *Saucier v. Katz,* 533 U.S. 194, 201 (2001).

To be clearly established at the time of the challenged conduct, the right's contours must be "sufficiently clear that every reasonable official would have understood that what he is doing violates that right," and "existing precedent must have placed the statutory or constitutional question beyond debate." *Humphries v. Milwaukee Cnty.*, 702 F.3d 1003, 1006 (7th Cir. 2012). This standard "protects the balance between vindication of constitutional rights and government officials' effective performance of their duties by ensuring that officials can reasonably . . . anticipate when their conduct may give rise to liability for damages." *Reichle v. Howards*, 132 S.Ct. 2088, 2093 (2012). "Although the privilege of qualified immunity is a defense, the plaintiff carries the burden of defeating it." *Mannoia v. Farrow,* 476 F.3d 453, 457 (7th Cir. 2007).

Dillon cannot meet his burden of demonstrating that he had a clearly established right not to have law enforcement officers on his property after they responded to a report of a possibly suicidal subject, learned that that subject had been drinking, and observed his erratic behavior toward law enforcement. Once Defendants had knowledge of a possibly suicidal subject, they had a duty to take all reasonable steps to ensure that Dillon did not harm himself. Even if this Court determines that the facts as pled evince mistaken judgment calls on the part of Defendants, Supreme Court and Seventh Circuit precedent dictates that it not engage in second-guessing where, as here, Defendants' actions cannot be considered "plainly incompetent" or a knowing violation of the law. As a result, Defendants are entitled to qualified immunity on Dillon's Fourth Amendment claims.

### *State Law Tort Claims*

Once again, assuming that the "officers" in Dillon's complaint are meant to refer to Beard and Hassler, they are immune from all state law tort claims, because they were acting within the scope of their employment. Dillon has not alleged that Defendants acted in a way that would except them from this immunity. Further, Dillon has failed to plead sufficient facts for a claim of malicious prosecution.

### A. Tort Claim Immunity

Defendants are immune from liability for Dillon's state law claims, because the Indiana Tort Claims Act immunizes individual employees from suit, with limited exceptions that do not apply to the complaint as pled. "[I]t is settled law that the Indiana Tort Claims Act shields a government employee from liability for tortious conduct if the employee was acting within the scope of his…duties." *Pinkney v. Thomas,* 583 F. Supp.2d 970, 980 (N.D. Ind. 2008) (citing *Hunt v. Indiana Family & Social Services Admin.,* No. 1:05-cv-0604-JDT-WTL, 2007 WL 2349626, at *14-15 (S.D. Ind. Aug. 1, 2007) (citing *Bushong v. Williamson,* 790 N.E.2d 467, 472 (Ind. 2003) (interpreting Indiana Code Sections 34-13-3-3 and 34-13-3-5(b) as extending a general grant of personal immunity to governmental employees acting within the scope of their duties.)).

Indiana Code § 34-13-3-5(b) states that "a plaintiff may not maintain an action against a governmental employee personally if that employee was acting within the scope of his or her employment." Scope of employment has been defined as actions by "an employee…if the employee acts with the intention of serving the employer's interests." *Norris by Norris v. Board of Educ. Of Greenwood Comm. School Corp.,* 797 F.Supp. 1452, 1459 (S.D. Ind. 1992) (internal citations omitted). The rationale behind this immunity is "to ensure that public employees can exercise their independent judgment necessary to carry out their duties without threat of

harassment by litigation or threats of litigation over decisions made within the scope of their employment." *Celebration Fireworks, Inc. v. Smith,* 727 N.E.2d 450, 452 (Ind. 2000).

To state a claim against an employee personally, a lawsuit must allege that the act or omission was: 1) criminal; 2) clearly outside the scope of employment; 3) malicious; 4) willful and wanton; or 5) calculated to benefit the employee personally. Ind. Code § 34-13-3-5(c). Moreover, mere allegations do not suffice, as the complaint "must contain a reasonable factual basis supporting the allegations." *Id.; See also Hall v. Lunsford,* Case No. 1:17-cv-02945-SEB-MPB, 2019 U.S. Dist. LEXIS 36302 at *20 (S.D. Ind. March 6, 2019) (noting that the Federal Rules of Civil Procedure govern pleading standards in federal court, but noting no material difference between the pleading standard required by Ind. Code § 34-13-3-5(c) and *Iqbal.*).

Immunity under § 34-13-3-5(b) extends to all causes of action asserted against an employee personally, including claims of false arrest and false imprisonment. *See e.g. Ball v. City of Indianapolis,* 760 F.3d 636, 644-45 (7th Cir. 2014) (pursuant to Ind. Code § 34-13-3-5, detective was immune from plaintiff's state law false arrest and false imprisonment claims.); *Campbell v. Town of Austin,* 2004 U.S. Dist. LEXIS 1925 (S.D. Ind. February 9, 2004) (police chief and officers immune from state law tort claims which included false arrest.); *Compare Miller v. City of Anderson,* 777 N.E.2d 1100 (Ind. Ct. App. 2002) (Ind. Code *§ 34-13-3-3* did not shield police officers from false arrest and false imprisonment claims.) (emphasis added).

Here, Dillon has not alleged that the Defendants' actions fall within one of the five categories listed above. To the extent an allegation of one of the five circumstances listed above can be read into the complaint, the argument still fails because there is no factual basis to support it. It is beyond dispute that there are no allegations that would support a claim that the Defendants' actions were calculated to benefit them personally, and responding to a report of a suicidal subject

is clearly within a police officer's scope of employment. Further, the allegations do not provide a reasonable basis for a finding of criminal, malicious, or willful and wanton behavior. Defendants responded to a call of a possible suicidal subject. Upon their arrival at the scene, they learned that Dillon had been drinking and observed multiple instances of unsettled behavior. In response, Defendants remained outside of the residence on standby until Dillon exited the residence under his own power. These actions simply cannot be classified as criminal, malicious, or willful and wanton. Accordingly, all of Dillon's state law tort claims fail as a matter of law.

### B. Malicious Prosecution

Should this Court determine that Defendants are not shielded from liability by the ITCA, they are still entitled to judgment in their favor as to Dillon's malicious prosecution claim. A plaintiff asserting a claim of malicious prosecution must plead, and ultimately prove, four elements: 1) the defendant instituted or caused to be instituted an action against the plaintiff; 2) the defendant acted with malice in doing so; 3) the defendant had no probable cause to institute the action; and 4) the original action was terminated in the plaintiff's favor. *City of New Haven v. Reichart,* 748 N.E.2d 374, 378 (Ind. 2001); *See also Ali v. Alliance Home Health Care, LLC,* 53 N.E.3d 420, 432 (Ind. Ct. App. 2016) (malicious prosecution claim failed as a matter of law where the prosecutor, not the defendant, was responsible for initiating a criminal action). Malice can be inferred from "a total lack of probable cause, the failure to make a reasonable or suitable inquiry, or a showing of personal animosity." *Brown v. Indianapolis Hous. Agency,* 971 N.E.2d 181, 186 (Ind. Ct. App. 2012).

Dillon does not allege that an action was initiated against him, much less that the action was initiated by either Hassler or Beard. Accordingly, his claim of malicious prosecution fails on the first prong. Even then, just like the circumstances in *Ali,* any criminal action would have been

initiated by the Vanderburgh County Prosecutor, not members of the EPD. Further, as discussed in previous sections, Dillon does not allege that the actions taken were malicious, nor do the allegations illustrate a lack of probable cause. Finally, Dillon does not allege that there was a matter which was ultimately resolved in his favor, meaning that none of the four required elements have been pled in this instance. Therefore, Dillon's claim for malicious prosecution fails as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendants Officer J. Beard and Officer J. Hassler of the Evansville Police Department respectfully request that their Motion for Judgment on the Pleadings be granted and that judgment on all claims be entered in their favor.

Respectfully submitted,

*/s/ Matthew S. Koressel*
Keith W. Vonderahe #21908-82
Matthew S. Koressel #35276-49
ZIEMER STAYMAN WEITZEL & SHOULDERS, LLP
20 N.W. First Street, Ninth Floor
P.O. Box 916
Evansville, IN 47706-0916
Tel. No. (812) 424-7575
Fax No. (812) 421-5089
E-mail:   kvonderahe@zsws.com
          mkoressel@zsws.com
*Attorneys for the Defendants.*

## CERTIFICATE OF SERVICE

I certify that on November 10, 2020, a copy of the foregoing **Brief in Support of Motion for Judgment on the Pleadings** was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I certify that on November 10, 2020, a copy of the foregoing **Brief in Support of Motion for Judgment on the Pleadings** was mailed, by first class mail, postage prepaid and properly addressed to the following:

Brent Dillon
2203 North Fulton Avenue
Evansville, IN 47710

*/s/ Matthew S. Koressel*
Matthew S. Koressel, Esq.
*Attorneys for the Defendants.*