UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| BRENT DILLON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-cv-00229-SEB-MPB |
| | ) | |
| J. HASSLER EPD, | ) | |
| J. BEARD EPD, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

This litigation commenced on November 8, 2019, with the filing of a Complaint by Plaintiff Brent Dillon ("Mr. Dillon") against Defendant Officers J. Hassler and J. Beard of the Evansville Police Department ("EPD")[1]. Mr. Dillon alleges a deprivation of his Fourth Amendment rights under 42 U.S.C. § 1983 as well as state law claims of false arrest, false imprisonment, and malicious prosecution. However, Mr. Dillon has not identified any specific actions or omissions committed by either Defendant, and thus has failed to either adequately state a § 1983 claim against Defendants or to satisfy the notice pleading standards under Rule 8 of the Federal Rules of Civil Procedure. Accordingly, Defendants' Motion for Judgment on the Pleadings [Dkt. 20] is **GRANTED.**[2]

---

[1] Mr. Dillon originally named several additional defendants in his Complaint, including the EPD, Billy Bolin (EPD Chief of Police), Lloyd Winnecke (Mayor of Evansville), and the Vanderburgh County Commissioners, but these other defendants have since been dismissed from this lawsuit.
[2] Defendants' Motion for Ruling [Dkt. 25] is hereby <u>DENIED AS MOOT</u>.

1

# Factual Background[3]

Mr. Dillon's claims arise from events that occurred following the dispatch of several unidentified EPD officers to Mr. Dillon's residence at 1037 Hensz Avenue in Evansville in response to a report of a possible suicidal subject.[4] (Compl. at 6). Upon the officers' arrival, Mr. Dillon ignored the officers' first attempt to make contact with him. (*Id.* at 6-7). The officers made a second attempt to contact Mr. Dillon, to which Mr. Dillon responded by refusing to come outside his residence. (*Id.* at 7.) The officers called in to inquire whether Mr. Dillon was suicidal, to which Mr. Dillon replied that he was not suicidal and that he was sitting in his living room drinking a couple of beers. (*Id.*) Mr. Dillon continued speaking to the officers through his screen door. (*Id.*) The officers repeatedly requested that Mr. Dillon come outside, but Mr. Dillon refused each of those requests. (*Id.*)

On multiple occasions, Mr. Dillon shouted through his screen door at the officers surrounding his home. (*Id.*) Mr. Dillon also demanded that the officers leave his property because they did not have a warrant. (*Id.*) When the officers refused to leave, Mr. Dillon returned to his couch and continued drinking beer. (*Id.* at 7-8.) At some point, Mr. Dillon observed from inside through his living room window an unnamed officer aiming a bean bag gun in an unspecified direction. (*Id.* at 8.) Later, Mr. Dillon reapproached the screen

---

[3] For the purposes of Defendants' Motion for Judgment on the Pleadings, both parties have accepted the background facts summarized herein as true.
[4] The date and time the EPD officers were dispatched has not been included in Mr. Dillon's Complaint.

door to ask the officers to leave him alone; again the officers refused. (*Id.*) Officers thereafter enlisted the help of two police negotiators who attempted to persuade Mr. Dillon to come outside. (*Id.*) Eventually, Mr. Dillon exited his home, and was directed to kneel down and place his hands behind his head. (*Id.*) Mr. Dillon was then handcuffed and taken to EPD headquarters for questioning about an unrelated legal matter. (*Id.*) On November 8, 2019, Mr. Dillon filed this suit against Defendants.

## Legal Analysis

### I. Applicable Legal Standard

After the pleadings are closed, but early enough not to delay trial, a defendant may move for judgment on the pleadings for the reason that a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014).

"To survive a motion for judgment on the pleadings, a complaint must state a claim to relief that is plausible on its face." *Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 397 (7th Cir. 2018) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "When assessing the facial plausibility of a claim, we draw all reasonable inferences and facts in favor of the non-movant, but need not accept as true any legal assertions." *Bishop*, 900 F.3d at 397 (internal quotation omitted). *Pro se*

complaints such as the one filed here by Mr. Dillon are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenogolio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. Discussion

Mr. Dillon has brought a § 1983 claim against Defendants, alleging an unreasonable search and seizure, in violation of the Fourth Amendment. To prevail on a § 1983 claim, Mr. Dillon must show that: (1) he possessed a constitutionally protected right; (2) he was deprived of this right, in violation of the Constitution; (3) Defendants intentionally caused this deprivation; and (4) in doing so, Defendants acted under color of state law. *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993). Defendants contend that Mr. Dillon has set forth no allegations of any specific actions taken by them that could plausibly be construed to have deprived him of his Fourth Amendment rights. Even interpreting Mr. Dillon's *pro se* complaint liberally, as we must, we agree with Defendants' assertion.

While Mr. Dillon ascribes numerous actions in his complaint to unidentified EPD "officers," at no point does he allege any specific actions by either Defendant Hassler or Defendant Beard. Indeed, the only individuals described to have engaged in any specific actions are the two negotiators, neither of whom has been named as a defendant. As a result, Mr. Dillon's complaint is merely "an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

4

This lack of pleading specificity is fatal to the complaint. "[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) (quoting *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)). To survive, Mr. Dillon's allegations must target individual persons, rather than general, amorphous labels such as "officers." (Compl. at 4-8.) Moreover, Federal Rule of Civil Procedure 8 requires that a complaint be "sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555). Rule 8 cannot "unlock the doors of discovery" for Mr. Dillon without specific facts supporting his claim that the particularly named defendants deprived him of his Fourth Amendment rights. *Iqbal*, 556 U.S. at 678-79.

For these reasons, Mr. Dillon's § 1983 claims must be dismissed. In addition, we decline to exercise our supplemental jurisdiction over his state law tort claims against Defendants. *Ervin v. OS Restaurant Services, Inc.*, 632 F.3d 971, 980 (7th Cir. 2011). Accordingly, Mr. Dillon's state law claims of false arrest, false imprisonment, and malicious prosecution against Defendants are also dismissed.

We shall allow Mr. Dillon a final opportunity to craft and submit an amended complaint that resolves the deficiencies noted in this entry, if possible. Any amended complaint will completely replace the original complaint, so it must include all factual allegations against all defendants, the specific legal claims, and requested remedies. Such a complaint should provide as many relevant details as possible, including dates, times, and the specific actions taken against him by each individual named in the complaint. If

5

Mr. Dillon does not file a new complaint within forty days of the date of this order, we will deem his inaction as a lack of interest on his part to further litigate these claims and dismiss his lawsuit with prejudice, signaling that it will be over for good.

**Conclusion**

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings [Dkt. 20] is **GRANTED** without prejudice. Plaintiff must <u>file an amended complaint within forty days of the date of this order</u> or stand to lose his lawsuit with these claims for good.

IT IS SO ORDERED.

Date: 7/7/2021

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BRENT DILLON
2203 N. Fulton Avenue
Evansville, IN 47710

Matthew Stephen Koressel
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
mkoressel@zsws.com

Keith W. Vonderahe
ZIEMER STAYMAN WEITZEL & SHOULDERS
kvonderahe@zsws.com